# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**HENRY GIBBS, JR.**                                                                 **PETITIONER**

**V.**                                    **NO. 4:15-CV-00131-DMB-DAS**

**LEE SIMON, ET AL.**                                                **RESPONDENTS**

## ORDER OF DISMISSAL

This matter is before the Court, *sua sponte*, for consideration of dismissal. Petitioner Henry Gibbs, Jr., has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking to challenge his April 29, 2015, guilty plea to armed robbery and resulting sentence. Because Gibbs failed to exhaust his available state court remedies before filing the instant action, his petition will be dismissed.

## Legal Standard

A petitioner seeking federal habeas relief must first exhaust his available state court remedies. *See* 28 U.S.C. § 2254(b) & (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 839-40 (1999). The exhaustion requirement is satisfied when the habeas claim has been presented to the highest state court in a procedurally proper manner. *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999). If a petitioner fails to exhaust his claims before seeking federal habeas relief, his federal habeas petition must ordinarily be dismissed. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). *See Duncan v. Walker*, 533 U.S. 167, 178-79 (2001) ("The exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment.").

If a petitioner fails to exhaust *any* of his claims before seeking federal habeas relief, a

federal district court must dismiss the "mixed petition" in its entirety. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A petitioner may, in limited circumstances, file a protective federal habeas petition and request that the habeas court stay his action and hold the petition in abeyance while he exhausts his claims in state court. *Pace v. DiGuglielmo*, 544 U.S. 408, 416-17 (2005). Such a stay is only appropriate, however, if the petitioner shows: (1) good cause for his failure to exhaust, (2) that his unexhausted claims are not plainly meritless, and (3) that there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Rhines v. Weber*, 544 U.S. 269, 277-278 (2005).

**Analysis**

In his federal habeas petition, Gibbs concedes that he has not filed an application for post-conviction relief. The Court notes that he currently has an "available procedure" under state law through which he can exhaust his claims. *See* 28 U.S.C. § 2254(c). Gibbs can satisfy the exhaustion requirement through utilization of the Mississippi Uniform Post-Conviction Collateral Relief Act, Miss. Code Ann. §§ 99-39-1, *et seq*. *See* Miss. Code Ann. § 99-39-5(2) ("A motion for relief under this article shall be made … in case of a guilty plea, within three (3) years after entry of the judgment of conviction.").

The Court finds that there are no "limited circumstances" that warrant a stay and abeyance in this case. While the federal statute of limitations under 28 U.S.C. § 2244 provides for only a one-year statute of limitations period, the Court notes that the filing of a state post-conviction application will toll the federal statute of limitations as long as the pleading is pending in state court. *See* 28 U.S.C. § 2244(d)(1) & (2). Inasmuch as Gibbs pleaded guilty to armed robbery on April 29, 2015, he, acting with diligence, has sufficient time to exhaust his claims through a state post-conviction application and, if necessary, return to federal court and

file a timely habeas petition. Therefore, a stay and abeyance is unnecessary to protect his ability to file a timely federal habeas petition after his state remedies are exhausted.

Accordingly, Gibbs' petition [1] is **DISMISSED** without prejudice for failure to exhaust available state court remedies. All other pending motions are **DISMISSED as moot.**

**SO ORDERED**, this 4th day of April, 2016.

/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**